Darolyn Y. Hamada (SBN: 192334)
dhamada@shb.com
Lael A. Awong (SBN: 246423)
lawong@shb.com
SHOOK, HARDY & BACON L.L.P.
Jamboree Center
5 Park Plaza, Suite 1600
Irvine, California 92614-2546
Telephone: 949-475-1500
Facsimile: 949-475-0016

Attorneys for Defendants Hoffmann-La Roche Inc. and
Roche Laboratories Inc.

FILED
2013 MAR 12 PM 4: 05
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ARCHIE WOULARD, an individual,

Plaintiff,

vs.

HOFFMAN-LA ROCHE Inc.; ROCHE
LABORATORIES INC.; MCKESSON
CORPORATION, and DOES 1 to 50,

Defendants.

Case No.:

CV13-1773 PA(JCx)

Judge:
Dept:

NOTICE OF REMOVAL

Complaint filed:   March 11, 2013

## NOTICE OF REMOVAL OF CIVIL ACTION

1.      Pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446, Defendants Hoffmann-La Roche Inc. and Roche Laboratories Inc. ("Defendants") file this Notice of Removal of this case from the Superior Court for the County of Los Angeles, to the United States District Court for the Central District of California. In support of this Notice of Removal, Defendants state as follows:

NOTICE OF REMOVAL



## INTRODUCTION

2.      This is a personal injury and product liability action in which Plaintiff Archie Woulard ("Plaintiff") alleges he was diagnosed with "Ulcerative Colitis and irritable bowel disease" as a result of his ingestion of the prescription medication Accutane. (Compl. at 1.)

3.      The Complaint asserts causes of action against Defendants for strict liability, negligence, and breach of express and implied warranty, fraud, and fraudulent concealment. (Compl.)

4.      The crux of Plaintiff's Complaint is that Defendants allegedly failed to warn about the side effects associated with the use of Accutane. (*See* Compl. at 5.)

5.      On November 1, 2004, the Judicial Panel on Multidistrict Litigation entered a Transfer Order establishing an MDL entitled *In re Accutane (Isotretinoin) Products Liability Litigation*, MDL-1626, and transferring and consolidating a number of actions brought against Defendants by individuals alleging injuries as a result of their use of Accutane.

6.      MDL-1626 is currently pending in the United States District Court, Middle District of Florida before the Honorable James S. Moody, Jr.

7.      Defendants will identify this removed case as a "tag-along" action, and it can be expected that the Panel will shortly issue a Conditional Transfer Order transferring this case to the Middle District of Florida. A true and correct copy of the Transfer Order is attached as Exhibit A.

## REMOVAL PROCEDURES

8.      On March 11, 2013, Plaintiff filed an action entitled *Archie Woulard v. Hoffman-La Roche Inc., Roche Laboratories Inc., McKesson Corporation, and Does 1 to 50,* in the Superior Court of California, County of Los Angeles, Case No. BC502598. Pursuant to 28 U.S.C. § 1446(b), a civil action in state court may be removed to the United States District Court where such action is pending. Because

2

1   the state court action was filed in the Superior Court of California for the County of

2   Los Angeles, this Court has removal jurisdiction.

3       9.    Pursuant to 28 U.S.C. § 1446(b), "[t]he  notice of removal of a civil

4   action…shall be filed within thirty days after the receipt by the defendant, through

5   service or otherwise, of a copy of the initial pleading setting forth the claim for relief

6   upon which such action or proceeding is based."  Defendants were served with the

7   summons and complaint on March 11, 2013.  Thus, removal is timely.

8       10.    As required by 28 U.S.C. § 1446(a), attached are copies of all pleadings

9   and orders in this action that are in the possession of Defendants.  True and correct

10   copies of the summons and complaint and civil cover sheet served on Defendants are

11   attached as Exhibit B.  These documents constitute all papers and pleadings received

12   to date in this matter by Defendants.  Attached as Exhibit C is the answer filed by

13   Defendants in the state court action on March 12, 2013.

14       11.    Removal is proper "if none of the parties in interest properly joined and

15   served as defendants is a citizen of the State in which such action is brought."  28

16   U.S.C. § 1441(b).  Accordingly, the rule that all defendants join in a notice of removal

17   does not apply to nominal, unknown, or fraudulently-joined parties.  *United Computer*

18   *Sys., Inc. v. AT&T*, 298 F.3d 756, 762 (9th Cir. 2002).  The fictitious defendants

19   named in the complaint as Does 1 through 100, inclusive, should be, and were

20   disregarded for purposes of assessing diversity of citizenship.  28 U.S.C. §1441(a).

21       12.    McKesson Corporation has not been served with the summons and

22   complaint in this matter, therefore, its joinder to the removal is not required.  *Destfino*

23   *v. Reiswig*, 630 F. 3d 952, 955 (9th Cir. 2011).  Moreover, because McKesson

24   Coporation has not been served 28 U.S.C. § 1441(b)(2) is not applicable.

25       13.    Venue is proper pursuant to 28 U.S.C. § 1391 because this action was

26   pending in the Superior Court of California, County of Los Angeles.

27   //

28   //

3

## DIVERSITY JURISDICTION EXISTS BETWEEN THE PARTIES

14.     This Court has original jurisdiction over this action under 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. § 1441 and 1446, in that there exists complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  28 U.S.C. § 1441(b) (emphasis added).

15.     Defendants are informed and believe that Plaintiff is a resident of Arizona. (*See* Compl. at 1.)  Defendant Hoffmann-La Roche Inc. is now and was at the time of the filing of the Complaint, a Delaware corporation with its principal place of business in New Jersey.  Thus, pursuant to 28 U.S.C. § 1332(c)(1), Defendant Hoffmann-La Roche Inc. is a citizen of both Delaware and New Jersey.

16.     Defendant Roche Laboratories Inc. is now and was at the time of the filing of the Complaint, a Delaware corporation with its principal place of business in New Jersey.  Thus, pursuant to 28 U.S.C. § 1332(c)(1), Defendant Roche Laboratories Inc. is a citizen of both Delaware and New Jersey.

17.     Because Plaintiff is a citizen of California and Defendants are citizens of the States of Delaware and New Jersey, the requisite diversity of citizenship is satisfied under 28 U.S.C. § 1332(a)(1).

## THE AMOUNT IN CONTROVERSY EXCEEDS $75, 000

18.     The amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

19.     A defendant may utilize the allegations in the complaint to establish the amount in controversy.  *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995); *Conrad Assocs. v. Hartford Accident & Indemn. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998).  Alternatively, a defendant may set forth facts in its notice of removal that

4

demonstrate that the amount in controversy exceeds $75,000. *Singer, supra,* 116 F.3d at 377.

20.     The face of the complaint makes clear that Plaintiff seeks damages in excess of $75,000 based on the allegations that Plaintiff was "diagnosed with Ulcerative Colitis and irritable bowel disease" as a result of his use of Accutane. (Comp. at 1.)  In addition, Plaintiff seeks an award of compensatory and punitive damages against Defendants.  (Compl. at 74.)

21.     In light of the allegations in the Complaint, a jury could return an award in excess of $75,000. *See, e.g., In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (holding the amount in controversy was satisfied where plaintiffs alleged economic loss, medical and health expenses, and serious medical conditions).

22.     Moreover, reported verdicts and settlements in cases with claims similar to those of Plaintiff's, indicate that damages in cases of this type likely exceed $75,000, exclusive of interest and costs. *See, e.g., Kendall v. Hoffman-LaRoche, Inc.*, Rockey Mountain Verdicts & Settlements (Volume 21, Issue 4, April 2008) (granting verdict for $10.5 million in general damages and $78,500 for medical expenses in claim involving use of Accutane and development of IBD); *Thomas v. Hoffman La Roche*, National Jury Verdict Review & Analysis (1989 Nat. Jury Verdict Review LEXIS 1028) (granting $1 million verdict in suit alleged failure to provide adequate warning regarding Accutane); *Mason v. Hoffmann & LaRoche, Inc. et al.*, National Jury Verdict Review & Analysis (2007 Nat. Jury Verdict Review LEXIS 1868) (granting $7,028,294 verdict in suit alleged failure to provide adequate warning regarding Accutane).

23.     The totality of these factors establishes that the amount in controversy meets the jurisdictional requirements.

//

//

//

NOTICE OF REMOVAL

**CONCLUSION**

24.     As is demonstrated above, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000, and this action is between citizens of different states.

WHEREFORE, Defendants Hoffmann-La Roche Inc. and Roche Laboratories Inc., pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, remove this action from the Superior Court for the County of Los Angeles to this Court.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the clerk of the Superior Court for the County of Los Angeles, and written notice is being provided to Plaintiff.

Dated:  March 12, 2013                                    SHOOK, HARDY & BACON L.L.P.

                                                         By:_____
                                                              Darolyn Y. Hamada
                                                              Lael A. Awong
                                                         Attorneys for Defendants Hoffmann-La
                                                         Roche Inc. and Roche Laboratories Inc.

6

# EXHIBIT A

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**⧄ 1626**

NOV - 1 2004

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1626*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE ACCUTANE PRODUCTS LIABILITY LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

*TRANSFER ORDER*



This litigation currently consists of seven actions listed on the attached Schedule A and pending in three districts as follows: three actions each in the Middle District of Florida and the Eastern District of Texas, and one action in the Southern District of Indiana.[1] The plaintiff in one of the Middle District of Florida actions moves the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Middle District of Florida. Plaintiffs in the other six actions subject to the motion, along with the plaintiff in a Northern District of Texas potential tag-along action, also support centralization in the Florida district. Affiliated defendants Hoffmann-LaRoche Inc., Roche Laboratories, F. Hoffmann-La Roche Ltd., and Roche Holding Ltd. (collectively, Hoffmann-La Roche) oppose 1407 transfer. If the Panel were to order centralization over their objection, then these defendants would favor i) centralizing the three Eastern District of Texas actions, the Section 1407 movant's Middle District of Florida action, and the Southern District of Indiana action in the Southern District of Indiana, and ii) allowing the other two Middle District of Florida actions to remain in their Florida district.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Middle District of Florida will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions before the Panel are brought against Hoffmann-LaRoche defendants by persons allegedly injured by Accutane, a drug approved for the treatment of severe recalcitrant nodular acne. The actions in this docket thus present complex common questions of fact concerning, inter alia, i) the development, testing, manufacturing and marketing of Accutane, and ii) defendants' knowledge concerning the drug's possible adverse effects. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery,

_____

[1] The Panel has been notified of additional related actions pending in the Eastern District of California, the Eastern District of Louisiana, the Northern and Southern Districts of Texas, and the Eastern District of Wisconsin. In light of the Panel's disposition of this docket, these and any further identified related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

**IMAGED** NOV 1 ·'04          **OFFICIAL FILE COPY**

- 2 -

prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Responding defendants have suggested that if the Panel were to order centralization in this docket, only the five constituent actions involving allegations of bowel disease caused by Accutane should be centralized, with the two Florida actions involving allegations of psychiatric injuries excluded from transfer. We are not persuaded that this division is appropriate. We point out that transfer under Section 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer. Questions relating to Accutane's development, testing and marketing are likely to be common to all actions, regardless of the nature of the injuries alleged to have been caused by the drug. Transfer under Section 1407 will thus permit all actions to proceed before a single transferee judge who can structure pretrial proceedings to consider all parties' legitimate discovery needs, while ensuring that common parties and witnesses are not subjected to discovery demands which duplicate activity that will occur or has already occurred in other MDL-1626 actions. The transferee court remains free, of course, to formulate a pretrial program that allows any "malady specific" or otherwise non-common discovery to proceed concurrently on separate tracks with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976).

In concluding that the Middle District of Florida is an appropriate forum for this docket, we note that the Florida district i) is equipped with the resources that this docket is likely to require, and ii) is where three of the seven MDL-1626 constituent actions are already pending before a judge who has developed a familiarity with the issues in this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Middle District of Florida are transferred to the Middle District of Florida and, with the consent of that court, assigned to the Honorable James S. Moody, Jr., for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

## SCHEDULE A

MDL-1626 — In re Accutane Products Liability Litigation

### Middle District of Florida

*Julia Bishop, et al. v. Hoffman-La Roche, Inc., et al.,* C.A. No. 8:02-1533
*Justin Rand v. Hoffman-La Roche, Inc., et al.,* C.A. No. 8:03-1729
*Caroline Benca, etc. v. Hoffman-La Roche, Inc., et al.,* C.A. No. 8:03-2080

### Southern District of Indiana

*Caleb Robert McClain, et al. v. Hoffman-La Roche, Inc., et al.,* C.A. No. 1:02-944

### Eastern District of Texas

*Jessica A. Hodges, et al. v. Hoffman-La Roche, Inc., et al.,* C.A. No. 5:04-57
*Garrett Stephens, et al. v. Hoffman-La Roche, Inc., et al.,* C.A. No. 5:04-58
*Keith Hubbard, et al. v. Hoffman-La Roche, Inc., et al.,* C.A. No. 5:04-59

**EXHIBIT B**

3/4/13 @ 3:04

## SUMMONS
### *(CITACION JUDICIAL)*

**SUM-100**



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAR 11 2013

John A. Clarke, Executive Officer/Clerk

BY _____, Deputy
Shaunya Wesley

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

HOFFMANN-LA ROCHE INC.; ROCHE LABORATORIES INC.;
MCKESSON CORPORATION, and DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Archie Woulard, a individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles Superior Court<br>111 North Hill Street, Los Angeles, CA 90012<br>Stanley Mosk Courthouse | **CASE NUMBER:**<br>*(Número del Caso)*<br>**BC502598** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Lowell W. Finson, Esq. 2101 Rosecrans Ave, Suite 3290 El Segundo, CA 90245 Tel: (877) 480-9142

| DATE: March 11, 2013 MAR 11 2013 | JOHN A. | Clerk, by | Shaunya Wesley | Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Hoffman - La Roche Inc.

   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Exhibit B
010

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAR 11 2013

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Shaunya Wesley

1 | Lowell W. Finson, Esq. (CA 275586)
**PHILLIPS LAW FIRM**
2 | 2101 Rosecrans Avenue, Suite 3290
El Segundo, CA 90245
3 | Tel:   (877) 480-9142
Fax:   (213) 330-0346
4 | Email: lowell@justiceforyou.com

5 | *Attorneys for Plaintiffs*

6

7 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8 | **IN AND FOR THE COUNTY OF LOS ANGELES**

9

10 | Archie Woulard, a individual,

11 |                 Plaintiffs,

12 | vs.

13 | HOFFMANN-LA ROCHE INC.; ROCHE
LABORATORIES INC.;MCKESSON
14 | CORPORATION, and DOES 1-50

15 |                 Defendants

16

17

18

Case No.:   **BC 502598**

**COMPLAINT FOR DAMAGES
AND
DEMAND FOR JURY TRIAL**

(1) Strict Liability
(2) Negligence
(3) Breach of Express Warranty
(4) Breach of Implied Warranty
(5) Fraud
(6) Fraudulent Concealment

**BY FAX**

19

20 |        For their Complaint against the defendants, Plaintiffs allege:

21 |                 **PARTIES AND JURISDICTION**

22 | 1.      Plaintiff Archie Woulard is a citizen and resident of the State of Arizona.  Plaintiff

23 | brings this action for personal injuries sustained by the use of ACCUTANE®

24 | (ISOTRETINOIN), as a direct and proximate result of being prescribed and ingesting

25 | Accutane; Plaintiff was diagnosed with Ulcerative Colitis and irritable bowel disease.

26 | 2.      At all times material to this action, Defendant HOFFMANN-La ROCHE INC. was a

27 | New Jersey corporation, and Defendant ROCHE LABORATORIES INC., was a Delaware

28

Exhibit B
011

corporation, with their principal place of business located at 340 Kingsland Street, Nutley, New Jersey 07110.

3.       Defendant, ROCHE HOLDING LTD., a foreign corporation, is a joint-stock company with its registered office in Basel, Switzerland, whose purpose is to hold shares in companies that manufacture pharmaceutical and other products.

4.       Defendant, ROCHE HOLDING LTD., is and was the parent corporation of Defendant, F. HOFFMANN-LA ROCHE LTD., a foreign corporation, which also has its corporate headquarters in Basel, Switzerland. Defendants, HOFFMANN-LA ROCHE INC. and ROCHE LABORATORIES INC., are wholly owned subsidiaries of Defendant, ROCHE HOLDING LTD. and/or F. HOFFMANN-LA ROCHE LTD.

5.       Collectively, the Plaintiff refers to the umbrella of companies controlled and owned by Defendants, ROCHE HOLDING LTD. and/or F. HOFFMANN-LA ROCHE LTD., as the "Roche Group."

6.       At all times material hereto, Defendants, The Roche Group, were in the business of manufacturing, promoting, marketing, developing, selling and/or distributing the pharmaceutical drug Accutane, also known as Roaccutane, and generically known as "isotretinoin." The Swiss Defendants are the principals of the United States Defendants and ultimately control the activities of the United States Defendants and are the parent company of the United States Defendants.

7.       The Roche Group presents its sales and profits to the public on a unified worldwide basis.

8.       The Roche Group present themselves as a highly integrated single entity, releasing one unified set of financial statements and representing itself as one unit in obtaining drug approval and in medical research and development.

9.       The Roche Group does not differentiate by entity, but instead refer to internal divisions that cut across entity lines.

10.       The Roche Group produces a single Core Data Sheet, containing the single scientific

-2-

and medical opinion of all the Roche Group entities with respect to Accutane.

11.     Further, Accutane (or Roaccutane) is referred to in publications as a product of the Roche Group and the sole active ingredient for Accutane is distributed to all group affiliates from the Swiss Defendants.

12.     The Roche Group has one global e-mail system, one global standard operating procedures manual, and one global database to which all Accutane adverse effects are reported.

13.     The Swiss Defendants have significant input and are actively involved in the labeling of regulatory and scientific matter relating to the sale of Accutane by affiliated U. S. companies and thus are involved in doing business in New Jersey, and subject to jurisdiction in New Jersey.

14.     Defendant MCKESSON CORPORATION was and is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at One Post Street, San Francisco, California 94104.  MCKESSON CORPORATION touts itself as, among other things, (1) the largest pharmaceutical distributor in North America distributing one-third of the medications used daily in North America, (2) the nation's leading health care information technology company, and (3) a provider of "decision support" software to help physicians determine the best possible clinical diagnosis and treatment plans for patients.

15.     At all relevant times, Defendant MCKESSON CORPORATION conducted regular and sustained business in California by selling and distributing its products and services in California and engaged in substantial commerce and business activity in the County of San Francisco.

16.     The true names or capacities, whether individual, corporate, or otherwise, of Defendants Does 1-50, are unknown to Plaintiffs who therefore sue said Defendants by such fictitious names.  Plaintiffs believe and allege that each of the Defendants designated herein by fictitious

-3-

names is in some manner legally responsible for the events and happenings herein referred to and proximately caused foreseeable damages to Plaintiffs as alleged herein.

17.   All Defendants are authorized to do business in California and derive substantial income from doing business in the state.

18.   As used herein, "Defendants" includes all named Defendants as well as Does 1-50.

19.   Upon information and belief, Defendants did act together to design, sell, advertise, manufacture and /or distribute ACCUTANE®, with full knowledge of its dangerous and defective nature.

20.   This court has personal jurisdiction over the defendants named herein because said defendants have sufficient minimum contacts with the forum state upon which to predicate personal jurisdiction.

## GENERAL ALLEGATIONS

21.   This is a civil action brought on behalf of Plaintiffs regarding damages which were proximately caused by the ingestions of ACCUTANE® by Plaintiffs. Those individuals are collectively referred to herein as "Plaintiff" or "Plaintiffs" as the context indicates.

22.   At all times material hereto, Defendants, HOFFMANN-La ROCHE, INC., and/or ROCHE LABORATORIES, INC. engaged in business in this state and throughout the United States, and developed, manufactured, distributed, promoted, marketed, and/or sold in interstate commerce, the drug Accutane, also known as Roaccutane, and generically known as "isotretinoin." These actions are under the ultimate control and supervision of the Swiss Defendants.

23.   Defendants, HOFFMANN-La ROCHE INC. and/or ROCHE LABORATORIES INC. directly or indirectly, negligently and/or defectively made, created, manufactured, assembled, designed, tested, labeled, supplied, packaged, distributed, marketed, advertised, warned, and/or sold, in this state and throughout the United States, the drug Accutane. These actions are under

-4-

Exhibit B
014

the ultimate control and supervision of the Swiss Defendants.

24.     Defendants, HOFFMANN-La ROCHE INC., and/or ROCHE LABORATORIES INC., had control of the design, assembly, packaging, marketing, advertising, manufacturing, labeling, testing, promoting, distribution and/or sale of the drug Accutane. These actions are under the ultimate control and supervision of the Swiss Defendants.

25.     At all times material hereto, the Defendants either knew or should have known that the drug Accutane was causally related to and associated with severe and life threatening complications and side effects.

26.     Although Defendants knew or should have known that dangerous risks were associated with the use of Accutane, Defendants proceeded to manufacture, distribute, sell, market, and/or permitted the drug to be advertised, promoted and/or sold without adequate warnings ofthe serious side effects and dangerous risks.

27.     The State of California has a substantial interest in assuring that the acts of these Defendants who have been given the privilege of doing business in its borders act in conformity with all laws applicable to the acts as set forth in this Complaint.

28.     At all times relevant herein, Defendants were in the business of designing, testing, manufacturing, labeling, advertising, marketing, promoting, selling and distributing pharmaceuticals, including ACCUTANE®,  and other products for use by the mainstream public, including Plaintiffs.

29.     ACCUTANE® was designed, manufactured, marketed, distributed and sold to the Plaintiffs by one or more Defendants, and more specifically, upon information and belief, Defendant McKesson did distribute the ACCUTANE® Plaintiffs ingested, which give rise to the causes of action, and the injuries sustained as a direct and proximate result of such ingestion.

30.     The US Food and Drug Administration (FDA) approved ACCUTANE®  as an acne control medication, to be prescribed to "healthy" individuals, but who need to control severe acne.

-5-

31.   Generally, ACCUTANE® has been linked to such serious side effects as inflammatory bowel disease, Crohn's disease, and ulcerative colitis.

32.   Defendants did business in the State of California; made contracts to be performed in whole or in part in California and/or manufactured, tested, sold, offered for sale, supplied or placed in the stream of commerce, or in the course of business materially participated with others in so doing, ACCUTANE®, which Defendants knew to be defective, unreasonably dangerous and hazardous, and which Defendants knew would be substantially certain to cause injury to persons within the State of California thereby negligently and intentionally causing injury to persons within California, and as described herein, committed and continues to commit tortious and other unlawful acts in the State of California.

33.   Defendants sold or aided and abetted in the sale of ACCUTANE® which was and is defective and unreasonably dangerous.  At all pertinent times, Defendants knew, or should have known, that ACCUTANE® was and is hazardous to human health.

34.   Defendants, through its funding and control of certain studies concerning the effects of ACCUTANE® on human health, their control over trade publications, promoting, marketing, and/or through other agreements, understandings and joint undertakings and enterprises, conspired with, cooperated with and/or assisted in the wrongful suppression, active concealment and/or misrepresentation of the true relationship between ACCUTANE® and various diseases, all to the detriment of the public health, safety and welfare and thereby causing harm to the State.

35.   Specifically, and in addition to the allegations above, Defendants knew of the hazards associated with ACCUTANE®; affirmatively and actively concealed information which clearly demonstrated the dangers of ACCUTANE® and affirmatively misled the public and prescribing physicians with regard to the material and clear risks of ACCUTANE® with the intent that prescribing physicians would continue to prescribe ACCUTANE®.  Defendants well knew that prescribing physicians would not be in a position to know the true risks of

-6-

ACCUTANE® and Defendants knew that prescribing physicians would rely upon the misleading information that they promulgated.

36.   At all pertinent times, Defendants purposefully and intentionally engaged in these activities, and continues to do so, knowing full well that when the general public, including Plaintiffs, use ACCUTANE® as Defendants intended, that Plaintiffs would be substantially certain to suffer disease, injury and sickness.

37.   The statements, representations and promotional schemes publicized by Defendants were deceptive, false, incomplete, misleading and untrue.  Defendants knew, or should have known, that its statements, representations and advertisements were deceptive, false, incomplete, misleading and untrue at the time of making such statements.  Defendants had an economic interest in making such statements.  Neither the Plaintiffs nor the physicians who prescribed ACCUTANE® to them had knowledge of the falsity or untruth of Defendants' statements, representations and advertisements when prescriptions for ACCUTANE® were written.  Moreover, Plaintiffs and Plaintiffs' physicians had a right to rely on Defendants' statements, representations and advertisements.  Each of the statements, representations and advertisements were material to the Plaintiffs' purchase of ACCUTANE® in that the Plaintiff would not have purchased ACCUTANE® if Plaintiff had known that Defendants' statements, representations and advertisements were deceptive, false, incomplete, misleading and untrue. These acts were designed to and did in fact allow Defendants to earn substantial income from the sale of ACCUTANE®.

38.   Plaintiffs and their physicians had a right to rely upon the representations of Defendants and were directly and proximately injured by such reliance, all as described above.

39.   Had Plaintiffs and their physicians been adequately warned of the potential life-threatening side effects, he/she could have chosen to request other prescription medications and avoided ACCUTANE's potential life threatening side effects.

40.   Plaintiffs were prescribed ACCUTANE® by physicians authorized to prescribe ACCUTANE®, ingested ACCUTANE® as prescribed, and as a result suffered damages and

-7-

Exhibit B
017

injury.

41.     Defendants negligently, recklessly and wantonly failed to warn Plaintiffs and their physicians and the general public, of the risks associated with taking ACCUTANE®. Defendants failed to do so even after various studies, including their own, showed that there were problems concerning the risks of inflammatory bowel disease, Crohn's Disease, and ulcerative colitis. associated with ACCUTANE®.

42.     Defendants endeavored to deceive Plaintiffs, and the general public, by not disclosing the findings of the various studies, including its own that revealed problems concerning the dangers of ACCUTANE®.

43.     Further, Defendants did not provide warnings and instructions that would have put Plaintiff, and the general public, on notice of the dangers and adverse effects caused by ACCUTANE®.

44.     Defendants designed, manufactured, distributed, sold and/or supplied ACCUTANE® and placed ACCUTANE® into the stream of commerce in a defective and unreasonably dangerous condition, taking into consideration the utility of the drug and the risk to Plaintiff and the general public.

45.     ACCUTANE® as designed, manufactured, distributed, sold and/or supplied by Defendants was defective as marketed due to inadequate warnings, instructions and/or labeling.

46.     ACCUTANE® as designed, manufactured, distributed, sold and/or supplied by Defendants was defective due to inadequate testing before and after Defendants' knowledge of the various studies, including their own, evidencing the rightful concerns over the risks of diabetes and diabetes-related injuries associated with ACCUTANE®

47.     ACCUTANE® has been associated with an increased risk generally; ACCUTANE has been linked to such serious side effects as inflammatory bowel disease, Crohn's Disease, and ulcerative colitis.

48.     The nature of the Plaintiffs' injuries and their relationship to ACCUTANE® use were

-8-

Exhibit B
018

1    inherently undiscoverable; and, consequently, the discovery rule should be applied to toll the

2    running of the statute of limitations until Plaintiffs knew or through the exercise of reasonable

3    care and diligence should have known of the existence of their claims against Defendants.

4    Plaintiffs did not discover, and through the exercise of reasonable care and due diligence, could

5    not have discovered, their injuries earlier.

6

7    49.    Further, Plaintiffs did not have knowledge of facts that would lead a reasonable, prudent

8    person to make inquiry to discover Defendants tortious conduct.  Under appropriate application

9    of the Adiscovery rule, Plaintiffs suit was filed well within the applicable statutory limitations

10   period.

11

12   50.    Defendants are estopped from asserting a statute of limitations defense because they

13   fraudulently concealed from Plaintiffs the nature of Plaintiffs injuries and the connection

14   between the injury and ACCUTANE®.

15   51.    Defendants have overpromoted ACCUTANE®, thus eliminating a defense of learned

16   intermediary.

17   52.    ACCUTANE® fails to meet reasonable consumer expectations, thus eliminating the

18   defense of learned intermediary.

19

20   53.    Defendants failed to properly disclose to the FDA and the public, information necessary

21   to allow an informed decision to be made with regard to the contents of the label and/or the

22   approved uses of ACCUTANE®.

23   54.    In some instances, Plaintiffs' physicians prescribed ACCUTANE®, but a generic

24   formulation was substituted for the branded drug, and those physicians relied upon the

25   marketing, distribution and promotion methods employed by the brand name manufacturers,

26   believing the generic formulations were similarly safe and effective, and for financial reasons,

27   were permitted to be substituted.

28

-9-

Exhibit B
019

55.   For each Count hereinafter alleged and averred, the above and following Paragraphs should be considered realleged as if fully rewritten.

## FIRST CAUSE OF ACTION
### (Strict Liability)

56.   Defendants defectively designed and manufactured ACCUTANE®, which was marketed to physicians and the general public, including Plaintiff.

57.   Plaintiff ingested ACCUTANE® for the treatment and control of severe acne, which was the foreseeable and intended use of ACCUTANE®.

58.   ACCUTANE® failed to perform as safely as an ordinary consumer would expect, as the use of ACCUTANE® was associated with a high risk of severe, physical injury, or death, resulting from severe gastrointestinal disease.

59.   The design of ACCUTANE® was defective in that the risks associated with using ACCUTANE® outweighed any benefits of the design. Any benefits associated with the use of ACCUTANE® were relatively minor and could have been obtained by the use of other, alternative treatments and products that could equally or more effectively reach similar results.

60.   The defect in design existed when the product left Defendants' possession.

61.   At the time ACCUTANE® left the control of Defendants, Defendants knew or should have known of the risks associated with ingesting ACCUTANE®.

62.   At all times material hereto, Defendants failed to provide Plaintiff the warnings or instructions a manufacturer exercising reasonable care would have provided concerning the risk which ultimately caused Plaintiffs injury.

63.   At all times material hereto, Defendants failed to provide post-marketing warnings or instructions to Plaintiff or Plaintiffs physician sufficient to convey the true risks associated with the use of ACCUTANE®.

-10-

64. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff was injured as described above.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount of damages as a jury deems reasonable, plus costs.

## SECOND CAUSE OF ACTION
### (Negligence)

65. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

66. Defendants had a duty to exercise reasonable care in designing, developing, manufacturing, packaging, labeling, marketing, advertising, selling and/or distributing ACCUTANE®.

67. Defendants failed to exercise ordinary care in designing, developing, manufacturing, packaging, labeling, marketing, advertising, selling, and/or distributing of ACCUTANE®; Defendants knew or should have known that ACCUTANE® created an unreasonable risk of bodily harm.

68. Despite the fact Defendants knew or should have known that ACCUTANE® caused unreasonable, dangerous side effects which many users would be unable to remedy by any means, they continued to market ACCUTANE® to physicians, including Plaintiffs physicians, and consumers, including Plaintiffs, when there were safer alternative methods of treatment.

69. Defendants knew or should have known that consumers such as Plaintiffs would suffer injury or death as a result of Defendants' failure to exercise ordinary care as described above.

70. As a direct and proximate result of Defendants' negligence and wrongful conduct,

-11-

Exhibit B
021

Plaintiffs were injured as described above.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount of damages as a jury deems reasonable, plus costs

### THIRD CAUSE OF ACTION
### (Breach of Express Warranty)

71.     Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

72.     Before Plaintiff was first prescribed ACCUTANE® and during the period in which he used ACCUTANE®, Defendants expressly warranted that ACCUTANE® was safe.

73.     ACCUTANE® did not conform to these express representations because ACCUTANE® was not safe and had high levels of serious side effects, including liver failure and death, whether taken individually or in conjunction with other therapies.

74.     As a direct and proximate result of this wrongful conduct, Plaintiff was injured as described above.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

### FOURTH CAUSE OF ACTION
### (Breach of Implied Warranty)

75.     Plaintiff realleges all prior paragraphs of the First Amended Complaint as if set out here in full.

76.     At the time Defendants packaged, labeled, promoted, marketed, advertised, sold, and/or distributed ACCUTANE® for use by Plaintiff, they knew of the use for which ACCUTANE® was intended and impliedly warranted the product to be of merchantable quality and safe and

-12-

Exhibit B
022

fit for such use.

77.     Plaintiff reasonably relied upon the skill and judgment of Defendants as to whether ACCUTANE® was of merchantable quality and safe and fit for its intended use.

78.     Contrary to such implied warranty, ACCUTANE® was not of merchantable quality or safe or fit for its intended use, because the product was and is unreasonably dangerous and unfit for the ordinary purpose for which it was used as described above.

79.     As a direct and proximate result of the Defendants' wrongful conduct, Plaintiff was injured as described above.

        WHEREFORE, Plaintiff demands judgment against Defendants in an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

## FIFTH CAUSE OF ACTION
### (Fraud)

80.     Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

81.     Before Plaintiff was prescribed ACCUTANE® and during the period in which he took ACCUTANE®, Defendants made false representations regarding the safety and efficacy of ACCUTANE®. Defendants knew that its representations regarding the safety of ACCUTANE® were false.

82..    Defendants' representations regarding the safety and efficacy of ACCUTANE® were made with the intent of misleading Plaintiff and Plaintiffs physician in relying upon those representations, and Plaintiff and Plaintiffs physician were justified in relying, and did in fact rely, upon such misrepresentations.

-13-

Exhibit B
023

83.    Defendants' misrepresentations regarding the safety and efficacy of ACCUTANE® were material. Plaintiffs would not have ingested ACCUTANE® for treatment and control of severe acne had they been made aware of the true risks associated with using ACCUTANE®, including severe gastrointestinal diseases, such as inflammatory bowel disease, Crohn's Disease, and /or ulcerative colitis.

84.    As a direct and proximate result of Defendants' misrepresentations, Plaintiff's were injured as described above.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount of damages as a jury deems reasonable, plus costs.

<u>SIXTH CAUSE OF ACTION</u>
(Fraudulent Concealment)

85.    Plaintiff realleges all allegations of the Complaint as if set out here in full.

86.    Before Plaintiffs were prescribed ACCUTANE® and during the period in which they took ACCUTANE®, Defendants concealed material facts regarding the safety and efficacy of ACCUTANE®, more specifically, that ACCUTANE® caused inflammatory bowel disease, Crohn's Disease, ulcerative colitis and death. Defendants had a duty to disclose this information to prescribing physicians and the general public, including Plaintiffs.

87.    Defendants' concealment of material information regarding ACCUTANE® was done with the intent to mislead Plaintiffs and Plaintiffs' physicians, and Plaintiffs and Plaintiffs' physician were justified in reliance on Defendants' concealment.

88.    As a direct and proximate result of Defendants' concealment of material facts, Plaintiffs were injured as described above.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount of

-14-

Exhibit B
024

1    damages as a jury deems reasonable, plus costs.

2                              **PRAYER FOR RELIEF**

3           WHEREFORE, plaintiffs demand judgment against the defendants as follows:

4        1.     For general (non-economic) damages according to proof at the time of

5               trial;

7        2.     For special (economic) damages according to proof at the time of trial;

8        3.     For punitive damages according to proof at the time of trial;

9        4.     For prejudgment interest as permitted by law;

10       5.     For cost of suit incurred herein as permitted by law;

11       6.     For such other and further relief as this Court or jury may deem proper.

14   Dated: March 11, 2013                    Respectfully submitted,

15                                             **PHILLIPS LAW FIRM**

16                                             By

17                                             2101 Rosecrans Avenue, Suite 3290
                                               El Segundo, CA 90245
18                                             Tel:   (877) 480-9142
                                               Fax:   (213) 330-0346
19                                             Email: lowell@justiceforyou.com

21                                             *Attorneys for Plaintiffs*

22                              **DEMAND FOR JURY TRIAL**

23       Plaintiffs demand a trial by jury on all issues so triable.

25   Dated: March 11, 2013                    Respectfully submitted,

26                                             **PHILLIPS LAW FIRM**

27

28                                             By

                                 -15-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2101 Rosecrans Avenue, Suite 3290
El Segundo, CA 90245
Tel:     (877) 480-9142
Fax:     (213) 330-0346
Email:  lowell@justiceforyou.com

*Attorneys for Plaintiffs*

-16-

Exhibit B
026

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Lowell W. Finson (CA Bar No. 275586)<br>PHILLIPS LAW FIRM<br>2101 Rosecrans Avenue, Suite 3290<br>El Segundo, CA 90245<br>TELEPHONE NO.: (877) 480-9142   FAX NO.: (213) 330-0298<br>ATTORNEY FOR *(Name):* Plaintiff Archie Woulard | FOR COURT USE ONLY<br><br>**CONFORMED COPY**<br>ORIGINAL FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>MAR 11 2013<br><br>John A. Clarke, Executive Officer/Clerk<br>BY _____ , Deputy<br>Shaunya Wesley |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles<br>STREET ADDRESS: 111 North Hill Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Los Angeles, CA 90012<br>BRANCH NAME: Stanley Mosk Courthouse | |

| CASE NAME:<br>Archie Woulard v. HOFFMANN-LA ROCHE INC., et al. | |
|---|---|
| **CIVIL CASE COVER SHEET**     Complex Case Designation<br>[✓] Unlimited   [ ] Limited    [ ] Counter   [ ] Joinder<br>(Amount    (Amount<br>demanded    demanded is   Filed with first appearance by defendant<br>exceeds $25,000)   $25,000 or less)    (Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>BC502598<br><br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Mass tort (40) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [✓] Product liability (24) | **Real Property** | [ ] Insurance coverage claims arising from the |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | above listed provisionally complex case |
| [ ] Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [✓] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve         in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence      f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* 6
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 11, 2013
Lowell W. Finson
_____        ► _____
(TYPE OR PRINT NAME)              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

Page 1 of 2

BY FAX

Exhibit B
027

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Archie Woulard v. HOFFMAN-LA ROCHE et al. | |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**BY FAX**

> **This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL ? ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br><br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100   Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110   Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070   Asbestos Property Damage | 2. |
| | | ☐ A7221   Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☑ A7260   Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210   Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240   Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250   Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230   Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270   Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220   Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029   Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005   Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010   Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013   Fraud (no contract) | 1., 2., 3. |

LACIV 109  (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0

Page 1 of 4

Exhibit B
028

| SHORT TITLE:<br>Archie Woulard v. HOFFMAN-LA ROCHE et al. | | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not Insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

Exhibit B
029

| SHORT TITLE:<br>Archie Woulard v. HOFFMAN-LA ROCHE et al. | | CASE NUMBER | |

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| **Judicial Review (Cont'd.)** | | |
| Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | | |
| Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | | |
| Enforcement<br>of Judgment<br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | | |
| RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | | |
| Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependant Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

Exhibit B<br>030

| SHORT TITLE:<br>Archie Woulard v. HOFFMAN-LA ROCHE et al. | CASE NUMBER |
|---|---|

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br><br>☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>818 W SEVENTH ST |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90017 | |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Stanley Mosk Cour</u> courthouse in the <u>Civil West</u> District of the Los Angeles Superior Court  (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: <u>March 11, 2013</u>

(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

Exhibit B
031

CM-015

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Lowell W. Finson, 275586
PHILLIPS WEBSTER
2101 Rosecrans Ave, Suite 3290
El Segundo, CA 90245
TELEPHONE NO.: 877-480-9142    FAX NO. *(Optional):* 213-330-0298
E-MAIL ADDRESS *(Optional):* lowell@justiceforyou.com
ATTORNEY FOR *(Name):* Plaintiff Archie Woulard

FOR COURT USE ONLY
CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAR 11 2013

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Shaunya Wesley

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk

PLAINTIFF/PETITIONER: Archie Woulard

DEFENDANT/RESPONDENT: HOFFMANN-LA ROCHE INC., et al.

CASE NUMBER:

JUDICIAL OFFICER: **BC502598**

NOTICE OF RELATED CASE

DEPT.:

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1. a. Title: Faith Hoover, et al. v. Hoffman-La Roche Inc., et al.
   b. Case number: BC487606
   c. Court: [✓] same as above
          [ ] other state or federal court *(name and address):*
   d. Department: 310
   e. Case type: [ ] limited civil [✓] unlimited civil [ ] probate [ ] family law [ ] other *(specify):*
   f. Filing date: 7/2/12
   g. Has this case been designated or determined as "complex?" [✓] Yes [ ] No
   h. Relationship of this case to the case referenced above *(check all that apply):*
      [✓] involves the same parties and is based on the same or similar claims.
      [✓] arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
      [ ] involves claims against, title to, possession of, or damages to the same property.
      [✓] is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
          [ ] Additional explanation is attached in attachment 1h
   i. Status of case:
      [✓] pending
      [ ] dismissed [ ] with [ ] without prejudice
      [ ] disposed of by judgment

2. a. Title: Axelrod, et al v. Hoffmann-La Roche, Inc., et al.
   b. Case number: BC449821
   c. Court: [✓] same as above
          [ ] other state or federal court *(name and address):*
   d. Department: 310

BY FAX

Form Approved for Optional Use
Judicial Council of California
CM-015 [Rev. July 1, 2007]

**NOTICE OF RELATED CASE**

Cal. Rules of Court, rule 3.300
www.courtinfo.ca.gov

Exhibit B
032

CM-015

| PLAINTIFF/PETITIONER:  Archie Woulard | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: HOFFMANN-LA ROCHE INC., et al. | |

2. *(continued)*

   e. Case type: ☐ limited civil ☑ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

   f. Filing date: 11/18/2010

   g. Has this case been designated or determined as "complex?" ☑ Yes ☐ No

   h. Relationship of this case to the case referenced above *(check all that apply):*

      ☑ involves the same parties and is based on the same or similar claims.

      ☑ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      ☐ involves claims against, title to, possession of, or damages to the same property.

      ☑ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

         ☐ Additional explanation is attached in attachment 2h

   i. Status of case:

      ☑ pending

      ☐ dismissed ☐ with ☐ without prejudice

      ☐ disposed of by judgment

3. a. Title:  Allison V. Hoffmann-La Roche, Inc., et al

   b. Case number: LC093237

   c. Court: ☑ same as above

      ☐ other state or federal court *(name and address):*

   d. Department: 310

   e. Case type: ☐ limited civil ☑ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

   f. Filing date: 04/04/2011

   g. Has this case been designated or determined as "complex?" ☑ Yes ☐ No

   h. Relationship of this case to the case referenced above *(check all that apply):*

      ☑ involves the same parties and is based on the same or similar claims.

      ☑ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      ☐ involves claims against, title to, possession of, or damages to the same property.

      ☑ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

         ☐ Additional explanation is attached in attachment 3h

   i. Status of case:

      ☑ pending

      ☐ dismissed ☐ with ☐ without prejudice

      ☐ disposed of by judgment

4. ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: March 11, 2013

Lowell W. Finson
_____
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

CM-015 [Rev. July 1, 2007]          **NOTICE OF RELATED CASE**          Page 2 of 3

Exhibit B
033

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)**
Case Number

BC 5 0 2 5 9 8

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|
| Hon. Daniel Buckley | 1 | 534 | Hon. Debre Katz Weintraub | 47 | 507 | |
| Hon. Michael P. Linfield | 10 | 631 | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Deirdre Hill | 49 | 509 | |
| Hon. Terry A. Green | 14 | 300 | Hon. John L. Segal | 50 | 508 | |
| Hon. Richard Fruin | 15 | 307 | Hon. Abraham Khan | 61 | 511 | |
| Hon. Rita Miller | 16 | 306 | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Richard E. Rico | 17 | 309 | Hon. Steven J. Kleifield | 53 | 513 | |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Michael Johnson | 56 | 514 | |
| | | | Hon. Ralph W. Dau | 57 | 517 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. Barbara Scheper | 30 | 400 | | | | |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Mark Mooney | 68 | 617 | |
| | | | Hon. Ramona See | 69 | 621 | |
| | | | Hon. Soussan G. Bruguera | 71 | 729 | |
| "unassigned" | 35 | 411 | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. William F. Fahey | 78 | 730 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | **Hon. Emilie H. Elias** | **324** | **CCW** | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | **Hon. Elihu M. Berle** | **323** | **CCW** | |
| Hon. Ronald M. Sohigian | 41 | 417 | Other | | | |
| Hon. Holly E. Kendig | 42 | 416 | | | | |
| Hon. Mel Red Recana | 45 | 529 | | | | |
| | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____   JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT –**

Exhibit B
034

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

LACIV CCH 190 (Rev. 01/12)
LASC Approved 05-06
For Optional Use

**NOTICE OF CASE ASSIGNMENT –**

**UNLIMITED CIVIL CASE**

Page 2 of 2

Exhibit B

035

3/11/13 @3:10P

SUM-100

# SUMMONS
## (CITACION JUDICIAL)



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAR 11 2013

John A. Clarke, Executive Officer/Clerk

BY _____ , Deputy
Shaunya Wesley

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

HOFFMANN-LA ROCHE INC.; ROCHE LABORATORIES INC.;
MCKESSON CORPORATION, and DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Archie Woulard, a individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Los Angeles Superior Court | CASE NUMBER: *(Número del Caso):* BC502598 |
|---|---|

111 North Hill Street, Los Angeles, CA 90012
Stanley Mosk Courthouse

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Lowell W. Finson, Esq. 2101 Rosecrans Ave, Suite 3290 El Segundo, CA 90245 Tel: (877) 480-9142

DATE: March 11, 2013 MAR 11 2013   Clerk, by _____ Shaunya Wesley , Deputy
*(Fecha)*                                    *(Secretario)*                                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☑ on behalf of *(specify):* Roche Laboratories Inc.

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Exhibit B
036

1  Lowell W. Finson, Esq. (CA 275586)
   **PHILLIPS LAW FIRM**
2  2101 Rosecrans Avenue, Suite 3290
   El Segundo, CA 90245
3  Tel:   (877) 480-9142
   Fax:   (213) 330-0346
4  Email: lowell@justiceforyou.com

5  *Attorneys for Plaintiffs*

6

7                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                   IN AND FOR THE COUNTY OF LOS ANGELES

9

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAR 11 2013

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Shaunya Wesley

10  Archie Woulard, a individual,

11              Plaintiffs,

12      vs.

13  HOFFMANN-LA ROCHE INC.; ROCHE
    LABORATORIES INC.;MCKESSON
14  CORPORATION, and DOES 1-50

15              Defendants

Case No.:      **BC 5 0 2 5 9 8**

COMPLAINT FOR DAMAGES
AND
DEMAND FOR JURY TRIAL

(1) Strict Liability
(2) Negligence
(3) Breach of Express Warranty
(4) Breach of Implied Warranty
(5) Fraud
(6) Fraudulent Concealment

**BY FAX**

20      For their Complaint against the defendants, Plaintiffs allege:

21                       **PARTIES AND JURISDICTION**

22  1.    Plaintiff Archie Woulard is a citizen and resident of the State of Arizona.   Plaintiff

23  brings this action for personal injuries sustained by the use of ACCUTANE®

24  (ISOTRETINOIN), as a direct and proximate result of being prescribed and ingesting

25  Accutane; Plaintiff was diagnosed with Ulcerative Colitis and irritable bowel disease.

26  2.    At all times material to this action, Defendant HOFFMANN-La ROCHE INC. was a

27  New Jersey corporation, and Defendant ROCHE LABORATORIES INC., was a Delaware

28

corporation, with their principal place of business located at 340 Kingsland Street, Nutley, New Jersey 07110.

3.      Defendant, ROCHE HOLDING LTD., a foreign corporation, is a joint-stock company with its registered office in Basel, Switzerland, whose purpose is to hold shares in companies that manufacture pharmaceutical and other products.

4.      Defendant, ROCHE HOLDING LTD., is and was the parent corporation of Defendant, F. HOFFMANN-LA ROCHE LTD., a foreign corporation, which also has its corporate headquarters in Basel, Switzerland. Defendants, HOFFMANN-LA ROCHE INC. and ROCHE LABORATORIES INC., are wholly owned subsidiaries of Defendant, ROCHE HOLDING LTD. and/or F. HOFFMANN-LA ROCHE LTD.

5.      Collectively, the Plaintiff refers to the umbrella of companies controlled and owned by Defendants, ROCHE HOLDING LTD. and/or F. HOFFMANN-LA ROCHE LTD., as the "Roche Group."

6.      At all times material hereto, Defendants, The Roche Group, were in the business of manufacturing, promoting, marketing, developing, selling and/or distributing thepharmaceutical drug Accutane, also known as Roaccutane, and generically known as "isotretinoin." The Swiss Defendants are the principals of the United States Defendants and ultimately control the activities of the United States Defendants and are the parent company of the United States Defendants.

7.      The Roche Group presents its sales and profits to the public on a unified worldwide basis.

8.      The Roche Group present themselves as a highly integrated single entity, releasing one unified set of financial statements and representing itself as one unit in obtaining drug approval and in medical research and development.

9.      The Roche Group does not differentiate by entity, but instead refer to internal divisions that cut across entity lines.

10.     The Roche Group produces a single Core Data Sheet, containing the single scientific

-2-

and medical opinion of all the Roche Group entities with respect to Accutane.

11.     Further, Accutane (or Roaccutane) is referred to in publications as a product of the Roche Group and the sole active ingredient for Accutane is distributed to all group affiliates from the Swiss Defendants.

12.     The Roche Group has one global e-mail system, one global standard operating procedures manual, and one global database to which all Accutane adverse effects are reported.

13.     The Swiss Defendants have significant input and are actively involved in the labeling of regulatory and scientific matter relating to the sale of Accutane by affiliated U. S. companies and thus are involved in doing business in New Jersey, and subject to jurisdiction in New Jersey.

14.     Defendant MCKESSON CORPORATION was and is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at One Post Street, San Francisco, California 94104.  MCKESSON CORPORATION touts itself as, among other things, (1) the largest pharmaceutical distributor in North America distributing one-third of the medications used daily in North America, (2) the nation's leading health care information technology company, and (3) a provider of "decision support" software to help physicians determine the best possible clinical diagnosis and treatment plans for patients.

15.     At all relevant times, Defendant MCKESSON CORPORATION conducted regular and sustained business in California by selling and distributing its products and services in California and engaged in substantial commerce and business activity in the County of San Francisco.

16.     The true names or capacities, whether individual, corporate, or otherwise, of Defendants Does 1-50, are unknown to Plaintiffs who therefore sue said Defendants by such fictitious names.  Plaintiffs believe and allege that each of the Defendants designated herein by fictitious

-3-

Exhibit B
039

names is in some manner legally responsible for the events and happenings herein referred to and proximately caused foreseeable damages to Plaintiffs as alleged herein.

17.    All Defendants are authorized to do business in California and derive substantial income from doing business in the state.

18.    As used herein, "Defendants" includes all named Defendants as well as Does 1-50.

19.    Upon information and belief, Defendants did act together to design, sell, advertise, manufacture and /or distribute ACCUTANE®, with full knowledge of its dangerous and defective nature.

20.    This court has personal jurisdiction over the defendants named herein because said defendants have sufficient minimum contacts with the forum state upon which to predicate personal jurisdiction.

## GENERAL ALLEGATIONS

21.    This is a civil action brought on behalf of Plaintiffs regarding damages which were proximately caused by the ingestions of ACCUTANE® by Plaintiffs. Those individuals are collectively referred to herein as "Plaintiff" or "Plaintiffs" as the context indicates.

22.    At all times material hereto, Defendants, HOFFMANN-La ROCHE, INC., and/or ROCHE LABORATORIES, INC. engaged in business in this state and throughout the United States, and developed, manufactured, distributed, promoted, marketed, and/or sold in interstate commerce, the drug Accutane, also known as Roaccutane, and generically known as "isotretinoin." These actions are under the ultimate control and supervision of the Swiss Defendants.

23.    Defendants, HOFFMANN-La ROCHE INC. and/or ROCHE LABORATORIES INC. directly or indirectly, negligently and/or defectively made, created, manufactured, assembled, designed, tested, labeled, supplied, packaged, distributed, marketed, advertised, warned, and/or sold, in this state and throughout the United States, the drug Accutane. These actions are under

-4-

Exhibit B
040

the ultimate control and supervision of the Swiss Defendants.

24.    Defendants, HOFFMANN-La ROCHE INC., and/or ROCHE LABORATORIES INC., had control of the design, assembly, packaging, marketing, advertising, manufacturing, labeling, testing, promoting, distribution and/or sale of the drug Accutane. These actions are under the ultimate control and supervision of the Swiss Defendants.

25.    At all times material hereto, the Defendants either knew or should have known that the drug Accutane was causally related to and associated with severe and life threatening complications and side effects.

26.    Although Defendants knew or should have known that dangerous risks were associated with the use of Accutane, Defendants proceeded to manufacture, distribute, sell, market, and/or permitted the drug to be advertised, promoted and/or sold without adequate warnings of the serious side effects and dangerous risks.

27.    The State of California has a substantial interest in assuring that the acts of these Defendants who have been given the privilege of doing business in its borders act in conformity with all laws applicable to the acts as set forth in this Complaint.

28.    At all times relevant herein, Defendants were in the business of designing, testing, manufacturing, labeling, advertising, marketing, promoting, selling and distributing pharmaceuticals, including ACCUTANE®, and other products for use by the mainstream public, including Plaintiffs.

29.    ACCUTANE® was designed, manufactured, marketed, distributed and sold to the Plaintiffs by one or more Defendants, and more specifically, upon information and belief, Defendant McKesson did distribute the ACCUTANE® Plaintiffs ingested, which give rise to the causes of action, and the injuries sustained as a direct and proximate result of such ingestion.

30.    The US Food and Drug Administration (FDA) approved ACCUTANE® as an acne control medication, to be prescribed to "healthy" individuals, but who need to control severe acne.

-5-

31.    Generally, ACCUTANE® has been linked to such serious side effects as inflammatory bowel disease, Crohn's disease, and ulcerative colitis.

32.    Defendants did business in the State of California; made contracts to be performed in whole or in part in California and/or manufactured, tested, sold, offered for sale, supplied or placed in the stream of commerce, or in the course of business materially participated with others in so doing, ACCUTANE®, which Defendants knew to be defective, unreasonably dangerous and hazardous, and which Defendants knew would be substantially certain to cause injury to persons within the State of California thereby negligently and intentionally causing injury to persons within California, and as described herein, committed and continues to commit tortious and other unlawful acts in the State of California.

33.    Defendants sold or aided and abetted in the sale of ACCUTANE® which was and is defective and unreasonably dangerous. At all pertinent times, Defendants knew, or should have known, that ACCUTANE® was and is hazardous to human health.

34.    Defendants, through its funding and control of certain studies concerning the effects of ACCUTANE® on human health, their control over trade publications, promoting, marketing, and/or through other agreements, understandings and joint undertakings and enterprises, conspired with, cooperated with and/or assisted in the wrongful suppression, active concealment and/or misrepresentation of the true relationship between ACCUTANE® and various diseases, all to the detriment of the public health, safety and welfare and thereby causing harm to the State.

35.    Specifically, and in addition to the allegations above, Defendants knew of the hazards associated with ACCUTANE®; affirmatively and actively concealed information which clearly demonstrated the dangers of ACCUTANE® and affirmatively misled the public and prescribing physicians with regard to the material and clear risks of ACCUTANE® with the intent that prescribing physicians would continue to prescribe ACCUTANE®. Defendants well knew that prescribing physicians would not be in a position to know the true risks of

-6-

ACCUTANE® and Defendants knew that prescribing physicians would rely upon the misleading information that they promulgated.

36.    At all pertinent times, Defendants purposefully and intentionally engaged in these activities, and continues to do so, knowing full well that when the general public, including Plaintiffs, use ACCUTANE® as Defendants intended, that Plaintiffs would be substantially certain to suffer disease, injury and sickness.

37.    The statements, representations and promotional schemes publicized by Defendants were deceptive, false, incomplete, misleading and untrue.  Defendants knew, or should have known, that its statements, representations and advertisements were deceptive, false, incomplete, misleading and untrue at the time of making such statements.  Defendants had an economic interest in making such statements.  Neither the Plaintiffs nor the physicians who prescribed ACCUTANE® to them had knowledge of the falsity or untruth of Defendants' statements, representations and advertisements when prescriptions for ACCUTANE® were written.  Moreover, Plaintiffs and Plaintiffs' physicians had a right to rely on Defendants' statements, representations and advertisements.  Each of the statements, representations and advertisements were material to the Plaintiffs' purchase of ACCUTANE® in that the Plaintiff would not have purchased ACCUTANE® if Plaintiff had known that Defendants' statements, representations and advertisements were deceptive, false, incomplete, misleading and untrue.  These acts were designed to and did in fact allow Defendants to earn substantial income from the sale of ACCUTANE®.

38.    Plaintiffs and their physicians had a right to rely upon the representations of Defendants and were directly and proximately injured by such reliance, all as described above.

39.    Had Plaintiffs and their physicians been adequately warned of the potential life-threatening side effects, he/she could have chosen to request other prescription medications and avoided ACCUTANE's potential life threatening side effects.

40.    Plaintiffs were prescribed ACCUTANE® by physicians authorized to prescribe ACCUTANE®, ingested ACCUTANE® as prescribed, and as a result suffered damages and

-7-

Exhibit B
043

injury.

41.     Defendants negligently, recklessly and wantonly failed to warn Plaintiffs and their physicians and the general public, of the risks associated with taking ACCUTANE®. Defendants failed to do so even after various studies, including their own, showed that there were problems concerning the risks of inflammatory bowel disease, Crohn's Disease, and ulcerative colitis. associated with ACCUTANE®.

42.     Defendants endeavored to deceive Plaintiffs, and the general public, by not disclosing the findings of the various studies, including its own that revealed problems concerning the dangers of ACCUTANE®.

43.     Further, Defendants did not provide warnings and instructions that would have put Plaintiff, and the general public, on notice of the dangers and adverse effects caused by ACCUTANE®.

44.     Defendants designed, manufactured, distributed, sold and/or supplied ACCUTANE® and placed ACCUTANE® into the stream of commerce in a defective and unreasonably dangerous condition, taking into consideration the utility of the drug and the risk to Plaintiff and the general public.

45.     ACCUTANE® as designed, manufactured, distributed, sold and/or supplied by Defendants was defective as marketed due to inadequate warnings, instructions and/or labeling.

46.     ACCUTANE® as designed, manufactured, distributed, sold and/or supplied by Defendants was defective due to inadequate testing before and after Defendants' knowledge of the various studies, including their own, evidencing the rightful concerns over the risks of diabetes and diabetes-related injuries associated with ACCUTANE®

47.     ACCUTANE® has been associated with an increased risk generally; ACCUTANE has been linked to such serious side effects as inflammatory bowel disease, Crohn's Disease, and ulcerative colitis.

48.     The nature of the Plaintiffs' injuries and their relationship to ACCUTANE® use were

-8-

inherently undiscoverable; and, consequently, the discovery rule should be applied to toll the running of the statute of limitations until Plaintiffs knew or through the exercise of reasonable care and diligence should have known of the existence of their claims against Defendants. Plaintiffs did not discover, and through the exercise of reasonable care and due diligence, could not have discovered, their injuries earlier.

49.    Further, Plaintiffs did not have knowledge of facts that would lead a reasonable, prudent person to make inquiry to discover Defendants tortious conduct.  Under appropriate application of the Adiscovery rule, Plaintiffs suit was filed well within the applicable statutory limitations period.

50.    Defendants are estopped from asserting a statute of limitations defense because they fraudulently concealed from Plaintiffs the nature of Plaintiffs injuries and the connection between the injury and ACCUTANE®.

51.    Defendants have overpromoted ACCUTANE®, thus eliminating a defense of learned intermediary.

52.    ACCUTANE® fails to meet reasonable consumer expectations, thus eliminating the defense of learned intermediary.

53.    Defendants failed to properly disclose to the FDA and the public, information necessary to allow an informed decision to be made with regard to the contents of the label and/or the approved uses of ACCUTANE®.

54.    In some instances, Plaintiffs' physicians prescribed ACCUTANE®, but a generic formulation was substituted for the branded drug, and those physicians relied upon the marketing, distribution and promotion methods employed by the brand name manufacturers, believing the generic formulations were similarly safe and effective, and for financial reasons, were permitted to be substituted.

-9-

55.    For each Count hereinafter alleged and averred, the above and following Paragraphs should be considered realleged as if fully rewritten.

### FIRST CAUSE OF ACTION
### (Strict Liability)

56.    Defendants defectively designed and manufactured ACCUTANE®, which was marketed to physicians and the general public, including Plaintiff.

57.    Plaintiff ingested ACCUTANE® for the treatment and control of severe acne, which was the foreseeable and intended use of ACCUTANE®.

58.    ACCUTANE® failed to perform as safely as an ordinary consumer would expect, as the use of ACCUTANE® was associated with a high risk of severe, physical injury, or death, resulting from severe gastrointestinal disease.

59.    The design of ACCUTANE® was defective in that the risks associated with using ACCUTANE® outweighed any benefits of the design. Any benefits associated with the use of ACCUTANE® were relatively minor and could have been obtained by the use of other, alternative treatments and products that could equally or more effectively reach similar results.

60.    The defect in design existed when the product left Defendants' possession.

61.    At the time ACCUTANE® left the control of Defendants, Defendants knew or should have known of the risks associated with ingesting ACCUTANE®.

62.    At all times material hereto, Defendants failed to provide Plaintiff the warnings or instructions a manufacturer exercising reasonable care would have provided concerning the risk which ultimately caused Plaintiffs injury.

63.    At all times material hereto, Defendants failed to provide post-marketing warnings or instructions to Plaintiff or Plaintiffs physician sufficient to convey the true risks associated with the use of ACCUTANE®.

-10-

64.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff was injured as described above.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount of damages as a jury deems reasonable, plus costs.

## SECOND CAUSE OF ACTION
### (Negligence)

65.    Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

66.    Defendants had a duty to exercise reasonable care in designing, developing, manufacturing, packaging, labeling, marketing, advertising, selling and/or distributing ACCUTANE®.

67.    Defendants failed to exercise ordinary care in designing, developing, manufacturing, packaging, labeling, marketing, advertising, selling, and/or distributing of ACCUTANE®; Defendants knew or should have known that ACCUTANE® created an unreasonable risk of bodily harm.

68.    Despite the fact Defendants knew or should have known that ACCUTANE® caused unreasonable, dangerous side effects which many users would be unable to remedy by any means, they continued to market ACCUTANE® to physicians, including Plaintiffs physicians, and consumers, including Plaintiffs, when there were safer alternative methods of treatment.

69.    Defendants knew or should have known that consumers such as Plaintiffs would suffer injury or death as a result of Defendants' failure to exercise ordinary care as described above.

70.    As a direct and proximate result of Defendants' negligence and wrongful conduct,

-11-

Exhibit B
047

1    Plaintiffs were injured as described above.

2

3         WHEREFORE, Plaintiff demands judgment against Defendants in an amount of

4    damages as a jury deems reasonable, plus costs

5
                                **THIRD CAUSE OF ACTION**
6                              **(Breach of Express Warranty)**

7    71.    Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

8    72.    Before Plaintiff was first prescribed ACCUTANE® and during the period in which he

9
     used ACCUTANE®, Defendants expressly warranted that ACCUTANE® was safe.
10

11   73.    ACCUTANE® did not conform to these express representations because ACCUTANE®

12   was not safe and had high levels of serious side effects, including liver failure and death,

13
     whether taken individually or in conjunction with other therapies.
14

15   74.    As a direct and proximate result of this wrongful conduct, Plaintiff was injured as

16   described above.

17
          WHEREFORE, Plaintiff demands judgment against Defendants in an amount of
18
     compensatory and punitive damages as a jury deems reasonable, plus costs.
19

20
                                **FOURTH CAUSE OF ACTION**
21                             **(Breach of Implied Warranty)**

22   75.    Plaintiff realleges all prior paragraphs of the First Amended Complaint as if set out

23   here in full.

24
     76.    At the time Defendants packaged, labeled, promoted, marketed, advertised, sold, and/or
25
26   distributed ACCUTANE® for use by Plaintiff, they knew the use for which ACCUTANE®

27   was intended and impliedly warranted the product to be of merchantable quality and safe and

28
                                        -12-

1   fit for such use.

2

3   77.   Plaintiff reasonably relied upon the skill and judgment of Defendants as to whether

4   ACCUTANE® was of merchantable quality and safe and fit for its intended use.

5

6   78.   Contrary to such implied warranty, ACCUTANE® was not of merchantable quality or

7   safe or fit for its intended use, because the product was and is unreasonably dangerous and

8   unfit for the ordinary purpose for which it was used as described above.

9

10  79.   As a direct and proximate result of the Defendants' wrongful conduct, Plaintiff was

11  injured as described above.

12      WHEREFORE, Plaintiff demands judgment against Defendants in an amount of

13  compensatory and punitive damages as a jury deems reasonable, plus costs.

14

15              **FIFTH CAUSE OF ACTION**
                       **(Fraud)**

16  80.   Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

17

18  81.   Before Plaintiff was prescribed ACCUTANE® and during the period in which he took

19  ACCUTANE®, Defendants made false representations regarding the safety and efficacy of

20  ACCUTANE®. Defendants knew that its representations regarding the safety of

21  ACCUTANE® were false.

22

23  82.   Defendants' representations regarding the safety and efficacy of ACCUTANE® were

24  made with the intent of misleading Plaintiff and Plaintiffs physician in relying upon those

25  representations, and Plaintiff and Plaintiffs physician were justified in relying, and did in fact

26  rely, upon such misrepresentations.

27

28

-13-

83.    Defendants' misrepresentations regarding the safety and efficacy of ACCUTANE® were material. Plaintiffs would not have ingested ACCUTANE® for treatment and control of severe acne had they been made aware of the true risks associated with using ACCUTANE®, including severe gastrointestinal diseases, such as inflammatory bowel disease, Crohn's Disease, and /or ulcerative colitis.

84.    As a direct and proximate result of Defendants' misrepresentations, Plaintiff's were injured as described above.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount of damages as a jury deems reasonable, plus costs.

## SIXTH CAUSE OF ACTION
### (Fraudulent Concealment)

85.    Plaintiff realleges all allegations of the Complaint as if set out here in full.

86.    Before Plaintiffs were prescribed ACCUTANE®  and during the period in which they took ACCUTANE®, Defendants concealed material facts regarding the safety and efficacy of ACCUTANE®, more specifically, that ACCUTANE® caused inflammatory bowel disease, Crohn's Disease, ulcerative colitis and death. Defendants had a duty to disclose this information to prescribing physicians and the general public, including Plaintiffs.

87.    Defendants' concealment of material information regarding ACCUTANE® was done with the intent to mislead Plaintiffs and Plaintiffs' physicians, and Plaintiffs and Plaintiffs' physician were justified in reliance on Defendants' concealment.

88.    As a direct and proximate result of Defendants' concealment of material facts, Plaintiffs were injured as described above.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount of

-14-

Exhibit B
050

damages as a jury deems reasonable, plus costs.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs demand judgment against the defendants as follows:

1.    For general (non-economic) damages according to proof at the time of trial;

2.    For special (economic) damages according to proof at the time of trial;

3.    For punitive damages according to proof at the time of trial;

4.    For prejudgment interest as permitted by law;

5.    For cost of suit incurred herein as permitted by law;

6.    For such other and further relief as this Court or jury may deem proper.

Dated: March 11, 2013                     Respectfully submitted,

**PHILLIPS LAW FIRM**

By_____

2101 Rosecrans Avenue, Suite 3290
El Segundo, CA 90245
Tel:   (877) 480-9142
Fax:   (213) 330-0346
Email:  lowell@justiceforyou.com

*Attorneys for Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

Dated: March 11, 2013                     Respectfully submitted,

**PHILLIPS LAW FIRM**

By _____

-15-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2101 Rosecrans Avenue, Suite 3290
El Segundo, CA 90245
Tel:    (877) 480-9142
Fax:    (213) 330-0346
Email:  lowell@justiceforyou.com


*Attorneys for Plaintiffs*

-16-

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Lowell W. Finson (CA Bar No. 275586)<br>PHILLIPS LAW FIRM<br>2101 Rosecrans Avenue, Suite 3290<br>El Segundo, CA 90245<br>TELEPHONE NO.: (877) 480-9142   FAX NO.: (213) 330-0298<br>ATTORNEY FOR *(Name):* Plaintiff Archie Woulard | **FOR COURT USE ONLY**<br>**CONFORMED COPY**<br>**ORIGINAL FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>MAR 11 2013<br><br>John A. Clarke, Executive Officer/Clerk<br>BY _____ Shaunya Wesley _____, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Los Angeles**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

| CASE NAME:<br>Archie Woulard v. HOFFMANN-LA ROCHE INC., et al. | |
|---|---|
| **CIVIL CASE COVER SHEET**<br>☑ Unlimited   ☐ Limited<br>(Amount     (Amount<br>demanded    demanded is<br>exceeds $25,000)  $25,000 or less) | **Complex Case Designation**<br>☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>BC502598 |
| | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☑ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse<br>condemnation (14) | above listed provisionally complex case<br>types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☑ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* 6
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 11, 2013
Lowell W. Finson
_____ (TYPE OR PRINT NAME)      _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
                                                                                      Page 1 of 2

Form Adopted for Mandatory Use        **CIVIL CASE COVER SHEET**        Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Judicial Council of California                                          Cal. Standards of Judicial Administration, std. 3.10
CM-010 [Rev. July 1, 2007]                                             www.courtinfo.ca.gov
                                                                       American LegalNet, Inc.
                                                                       www.FormsWorkflow.com

Exhibit B
053

| SHORT TITLE: Archie Woulard v. HOFFMAN-LA ROCHE et al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**BY FAX**

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES    CLASS ACTION? ☐ YES    LIMITED CASE? ☐ YES    TIME ESTIMATED FOR TRIAL ? _____ ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 | Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 | Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 | Asbestos Property Damage | 2. |
| | | ☐ A7221 | Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☑ A7260 | Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 | Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240 | Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250 | Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230 | Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270 | Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220 | Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029 | Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005 | Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 | Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 | Fraud (no contract) | 1., 2., 3. |

| LACIV 109 (Rev. 01/07) | **CIVIL CASE COVER SHEET ADDENDUM** | LASC, rule 2.0 |
|---|---|---|
| LASC Approved 03-04 | **AND STATEMENT OF LOCATION** | Page 1 of 4 |

Exhibit B
054

| | SHORT TITLE:<br>Archie Woulard v. HOFFMAN-LA ROCHE et al. | | CASE NUMBER | |
|---|---|---|---|---|

| | A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | Professional<br>Negligence<br>(25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination<br>(36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment<br>(15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/<br>Warranty<br>(06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008   Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections<br>(09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage<br>(18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract<br>(37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent<br>Domain/Inverse<br>Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation       Number of parcels_____ | 2. |
| | Wrongful Eviction<br>(33) | ☐ A6023   Wrongful Eviction Case | 2., 6. |
| | Other Real Property<br>(26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-<br>Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-<br>Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-<br>Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration<br>(11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

LACIV 109 (Rev. 01/07)    **CIVIL CASE COVER SHEET ADDENDUM**    LASC, rule 2.0
LASC Approved 03-04     **AND STATEMENT OF LOCATION**    Page 2 of 4

Exhibit B
055

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Archie Woulard v. HOFFMAN-LA ROCHE et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependant Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

| LACIV 109 (Rev. 01/07)<br>LASC Approved 03-04 | CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION | LASC, rule 2.0<br>Page 3 of 4 |
|---|---|---|

Exhibit B
056

| SHORT TITLE:<br>Archie Woulard v. HOFFMAN-LA ROCHE et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br><br>☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>818 W SEVENTH ST |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90017 | |

Item IV. Declaration of Assignment: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk Cour courthouse in the Civil West District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: March 11, 2013

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

Exhibit B
057

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Lowell W. Finson, 275586 | **CONFORMED COPY** |
| PHILLIPS WEBSTER | **ORIGINAL FILED** |
| 2101 Rosecrans Ave, Suite 3290 | SUPERIOR COURT OF CALIFORNIA |
| El Segundo, CA 90245 | COUNTY OF LOS ANGELES |
| TELEPHONE NO.: 877-480-9142   FAX NO. (Optional): 213-330-0298 | MAR 11 2013 |
| E-MAIL ADDRESS (Optional): lowell@justiceforyou.com | John A. Clarke, Executive Officer/Clerk |
| ATTORNEY FOR (Name): Plaintiff Archie Woulard | BY Shaunya Wesley, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk

| PLAINTIFF/PETITIONER: Archie Woulard | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: HOFFMANN-LA ROCHE INC., et al. | JUDICIAL OFFICER: **BC502598** |
| | DEPT.: |

| NOTICE OF RELATED CASE | |
|---|---|

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1. a. Title: Faith Hoover, et al. v. Hoffman-La Roche Inc., et al.

   **BY FAX**

   b. Case number: BC487606

   c. Court: [✓] same as above

   [ ] other state or federal court *(name and address):*

   d. Department: 310

   e. Case type: [ ] limited civil [✓] unlimited civil [ ] probate [ ] family law [ ] other *(specify):*

   f. Filing date: 7/2/12

   g. Has this case been designated or determined as "complex?" [✓] Yes [ ] No

   h. Relationship of this case to the case referenced above *(check all that apply):*

   [✓] involves the same parties and is based on the same or similar claims.

   [✓] arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

   [ ] involves claims against, title to, possession of, or damages to the same property.

   [✓] is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

   [ ] Additional explanation is attached in attachment 1h

   i. Status of case:

   [✓] pending

   [ ] dismissed [ ] with [ ] without prejudice

   [ ] disposed of by judgment

2. a. Title: Axelrod, et al v. Hoffmann-La Roche, Inc., et al.

   b. Case number: BC449821

   c. Court: [✓] same as above

   [ ] other state or federal court *(name and address):*

   d. Department: 310

Page 1 of 3

| Form Approved for Optional Use Judicial Council of California CM-015 [Rev. July 1, 2007] | **NOTICE OF RELATED CASE** | Cal. Rules of Court, rule 3.300 www.courtinfo.ca.gov |
|---|---|---|

CM-015

| PLAINTIFF/PETITIONER: Archie Woulard | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: HOFFMANN-LA ROCHE INC., et al. | |

2. *(continued)*

    e. Case type: ☐ limited civil ☑ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

    f. Filing date: 11/18/2010

    g. Has this case been designated or determined as "complex?" ☑ Yes ☐ No

    h. Relationship of this case to the case referenced above *(check all that apply):*

        ☑ involves the same parties and is based on the same or similar claims.

        ☑ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

        ☐ involves claims against, title to, possession of, or damages to the same property.

        ☑ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

           ☐ Additional explanation is attached in attachment 2h

    i. Status of case:

        ☑ pending

        ☐ dismissed ☐ with ☐ without prejudice

        ☐ disposed of by judgment

3. a. Title: Allison V. Hoffmann-La Roche, Inc., et al

    b. Case number: LC093237

    c. Court: ☑ same as above

        ☐ other state or federal court *(name and address):*

    d. Department: 310

    e. Case type: ☐ limited civil ☑ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

    f. Filing date: 04/04/2011

    g. Has this case been designated or determined as "complex?" ☑ Yes ☐ No

    h. Relationship of this case to the case referenced above *(check all that apply):*

        ☑ involves the same parties and is based on the same or similar claims.

        ☑ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

        ☐ involves claims against, title to, possession of, or damages to the same property.

        ☑ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

           ☐ Additional explanation is attached in attachment 3h

    i. Status of case:

        ☑ pending

        ☐ dismissed ☐ with ☐ without prejudice

        ☐ disposed of by judgment

4. ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: March 11, 2013

Lowell W. Finson

_____
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

Exhibit B
059

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)
Case Number

BC 502598

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Daniel Buckley | 1 | 534 | Hon. Debre Katz Weintraub | 47 | 507 |
| Hon. Michael P. Linfield | 10 | 631 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Deirdre Hill | 49 | 509 |
| Hon. Terry A. Green | 14 | 300 | Hon. John L. Segal | 50 | 508 |
| Hon. Richard Fruin | 15 | 307 | Hon. Abraham Khan | 61 | 511 |
| Hon. Rita Miller | 16 | 306 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Steven J. Kleifield | 53 | 513 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Michael Johnson | 56 | 514 |
| | | | Hon. Ralph W. Dau | 57 | 517 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Barbara Scheper | 30 | 400 | | | |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Mark Mooney | 68 | 617 |
| | | | Hon. Ramona See | 69 | 621 |
| | | | Hon. Soussan G. Bruguera | 71 | 729 |
| "unassigned" | 35 | 411 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. William F. Fahey | 78 | 730 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | **Hon. Emilie H. Elias** | **324** | **CCW** |
| Hon. Michelle R. Rosenblatt | 40 | 414 | **Hon. Elihu M. Berle** | **323** | **CCW** |
| Hon. Ronald M. Sohigian | 41 | 417 | Other | | |
| Hon. Holly E. Kendig | 42 | 416 | | | |
| Hon. Mel Red Recana | 45 | 529 | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____      JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

### NOTICE OF CASE ASSIGNMENT —

Page 1 of 2

Exhibit B
060

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

COMPLAINTS: All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

CROSS-COMPLAINTS: Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

LACIV CCH 190 (Rev. 01/12)
LASC Approved 05-06
For Optional Use

NOTICE OF CASE ASSIGNMENT --

UNLIMITED CIVIL CASE

Page 2 of 2

Exhibit B
061

**EXHIBIT  C**

1 | SHOOK, HARDY & BACON L.L.P.
Darolyn Y. Hamada (SBN: 192334)
2 | Lael A. Awong (SBN: 246423)
Jamboree Center
3 | 5 Park Plaza, Suite 1600
Irvine, California 92614-2546
4 | Telephone:   949-475-1500
Facsimile:   949-475-0016
5 |
6 | Attorneys for Defendants Hoffmann-La
Roche Inc. and Roche Laboratories  Inc.
7 |

8 | SUPERIOR COURT OF CALIFORNIA

9 | COUNTY OF LOS ANGELES

10 |

11 | ARCHIE WOULARD, an individual,          ) Case No.: BC502598
                                         )
12 |            Plaintiff,                  )
                                         ) Judge:
13 |     vs.                               ) Dept:
                                         )
14 | HOFFMAN-LA ROCHE Inc.; ROCHE        ) **ANSWER TO COMPLAINT**
LABORATORIES INC.; MCKESSON           )
15 | CORPORATION, and DOES 1 to 50,       )
                                         )
16 |            Defendants.                )
                                         )
17 |                                        )
                                         )
18 |                                        ) Complaint filed:     March 11, 2013
                                         )
19 |

20 |       Defendants Hoffmann-La Roche Inc. and Roche Laboratories  Inc. ( hereinafter

21 | "Defendants"), hereby answer the Complaint filed by Archie Woulard ("Plaintiff"), as

22 | follows:

23 | **GENERAL DENIAL**

24 |       1.      Pursuant to Code of Civil Procedure section 431.30, subdivision (d),

25 | Defendants generally and specifically deny each and every allegation in Plaintiff's

26 | Complaint, the whole thereof, and each and every cause of action therein, and further deny

27 | that Plaintiff sustained or is entitled to recover damages in the sum alleged, or in any sum

28 |

137016 v2

ANSWER TO COMPLAINT
Exhibit C
062

1   whatsoever. Defendants deny Plaintiff sustained any injury, damage, or loss by reason of

2   any conduct, action, or omission on the part of Defendants.

3                          **PREAMBLE TO AFFIRMATIVE DEFENSES**

4          2.        Defendants set forth below their affirmative defenses. By setting forth these

5   affirmative defenses, Defendants do not assume the burden of proving any fact, issue, or

6   element of a cause of action where such burden properly belongs to Plaintiff. Moreover,

7   nothing herein stated is intended or shall be construed as an acknowledgement that any

8   particular issue or subject matter is relevant to Plaintiff's allegations.

9                          **FIRST AFFIRMATIVE DEFENSE**

10                          **(Failure to State a Claim)**

11         3.        Plaintiff's Complaint, including each and every claim for relief set forth

12  therein, fails to state a claim upon which relief can be granted against Defendants.

13                         **SECOND AFFIRMATIVE DEFENSE**

14                         **(Preemption – Supremacy Clause)**

15         4.        Pursuant to the Supremacy Clause of the United States Constitution, the claims

16  set forth in the Complaint are preempted by the Food, Drug, and Cosmetic Act (F.D.C.A.),

17  21 U.S.C. § 301 *et seq.* and any ensuing regulations promulgated by the Food and Drug

18  Administration contained in Chapter 21 of the Code of Federal Regulations. Accutane was

19  and is controlled by federal law, which governs the manufacture, distribution, and sale of this

20  product at all times. Plaintiff's claims are thus preempted in whole or in part such that they

21  fail to state a cause of action upon which relief can be granted.

22                         **THIRD AFFIRMATIVE DEFENSE**

23                          **(Lack of Causation)**

24         5.        Plaintiff is barred, in whole or in part, from asserting each alleged cause of

25  action in the Complaint, or otherwise asserting any right to relief against Defendants,

26  because any loss or damage suffered by Plaintiff was not caused by any conduct, action, or

27  omission on part of Defendants.

28

2

1

## FOURTH AFFIRMATIVE DEFENSE

2

### (Causation – Lack of Proximate Cause/Substantial Factor)

3    6.    Any conduct by Defendants, none being admitted, were so insubstantial as to

4    be insufficient to be a proximate or substantial contributing cause of the injuries alleged in

5    the Complaint.

6

## FIFTH AFFIRMATIVE DEFENSE

7

### (Causation – Superseding/Intervening Cause)

8    7.    If Plaintiff has been damaged, which Defendants deny, such damages were

9    caused by one or more unforeseeable, independent, intervening, and/or superseding events

10   for which Defendants are not legally responsible.

11

## SIXTH AFFIRMATIVE DEFENSE

12

### (Causation – Pre-existing Condition)

13   8.    If Plaintiff has been damaged, which Defendants deny, those damages were

14   caused by medical conditions or processes (whether pre-existing or contemporaneous)

15   unrelated to Accutane.

16

## SEVENTH AFFIRMATIVE DEFENSE

17

### (Learned Intermediary Doctrine)

18   9.    Plaintiff's claims are barred, in whole or in part, by the Learned Intermediary

19   Doctrine.

20

## EIGHTH AFFIRMATIVE DEFENSE

21

### (*Brown v. Superior Court*)

22   10.   Plaintiff's claims are barred, in whole or in part, by the limitations upon the

23   doctrine of strict liability as set forth in *Brown v. Superior Court* (1988) 44 Cal.3d 1049.

24

## NINTH AFFIRMATIVE DEFENSE

25

### (Restatement (second) of Torts § 402A)

26   11.   Plaintiff's claims are barred, in whole or in part, by the limitations on the

27   liability of commercial sellers as set forth in Restatement (second) of Torts § 402A,

28

3

1  comments j and k.

2  ## TENTH AFFIRMATIVE DEFENSE

3  ### (Restatement (third) of Torts:  Products Liability)

4      12.    Plaintiff's claims are barred, in whole or in part, by the limitations on the

5  liability of commercial sellers or distributors as set forth in Restatement (third) of Torts §§ 4,

6  6.

7  ## ELEVENTH AFFIRMATIVE DEFENSE

8  ### (State of the Art)

9      13.    The claims set forth in the Complaint are barred because the methods,

10  standards, and techniques used in issuing warning and instructions about the use of Accutane

11  conformed to the generally recognized, reasonably available and reliable state of knowledge

12  in the field at the time Accutane was manufactured and sold.  All acts of Defendants at the

13  time of the alleged manufacture, sale, and/or distribution of Accutane were in conformity

14  with the state-of-the-art technology at the time.

15  ## TWELFTH AFFIRMATIVE DEFENSE

16  ### (Lack of Defect)

17      14.    Defendants are informed and believe that at no time was Accutane defective or

18  unreasonably dangerous.  Accutane was reasonably fit for its intended use and was marketed

19  with adequate and sufficient warnings.

20  ## THIRTEENTH AFFIRMATIVE DEFENSE

21  ### (Scientifically Unknown/Unknowable Risk)

22      15.    The defective conditions alleged in Plaintiff's Complaint and any alternative

23  design characteristics claimed by Plaintiff was not known and, in light of the existing

24  reasonably available scientific and technological knowledge, could not have been known to

25  Defendants.  Any such alternative design was not scientifically or technologically feasible,

26  nor was it economically practical.

27

28

4

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Informed Consent/Assumption of Risk)

16.    Plaintiff's claims are barred, in whole or in part, by the doctrines of informed consent and/or assumption of risk.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

17.    Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations including, but not limited to, Code of Civil Procedure sections 335.1, 337, 340.5, 340.8, 343, and Civil Code section 1783.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Contributory/Comparative Negligence)

18.    Plaintiff's claims are barred, in whole or in part, from recovery by the doctrines of contributory and comparative negligence because Plaintiff's alleged damages were the result of the conduct, actions, or omissions of Plaintiff, other individuals, or other entities for whose conduct Defendants are not legally responsible.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Proposition 51 – Fair Responsibility Act of 1986)

19.    The liability of Defendants in this action, if any, are subject to the limitations set forth in Civil Code sections 1431-1431.5.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Constitutional Defenses – Punitive Damages)

20.    Insofar as Plaintiff seeks recovery of punitive damages against Defendants, her claims are barred by the provisions of the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and article 1, sections 7, 15, 16, and 17 of the California Constitution for each of the following reasons:

(a)    California law fails to provide adequate notice of the conduct that will subject a defendant to punitive damages;

1   (b) California law fails to provide a defendant with adequate notice of the severity

2 of the penalty that may be imposed in the form of punitive damages;

3   (c) California law permits the imposition of grossly excessive penalties in the form

4 of punitive damages;

5   (d) California law fails to provide a meaningful and appropriate review of punitive

6 damage awards by trial and appellate courts and fails to provide for de novo review of such

7 awards as mandated in *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.* (2001) 532

8 U.S. 424;

9   (e) Notwithstanding the fact that punitive damages are quasi-criminal in nature,

10 California law fails to require proof beyond a reasonable doubt and a verdict by a unanimous

11 jury as a condition to the imposition of punitive damages;

12   (f) California law permits the assessment and measure of punitive damages to be

13 based, in significant part, upon the wealth of the defendant; and

14   (g) Plaintiff's claim for punitive damages cannot be sustained to the extent it seeks

15 to punish Defendants for alleged harm to non-parties or persons who are not before the Court

16 because imposition of punitive damages under such circumstances would violate

17 Defendants' procedural and substantive due process rights and equal protection rights under

18 the Fifth and Fourteenth Amendments to the United States Constitution and Defendants' due

19 process and equal protection rights under article 1, section 7 of the California Constitution,

20 and would be improper under the common law and public policies of the United States and

21 California.

22       **NINETEENTH AFFIRMATIVE DEFENSE**

23      **(Failure to State Claim – Punitive Damages)**

24   21. Plaintiff failed to state a claim for which punitive damages may be awarded.

25 Moreover, Plaintiff's claim for punitive damages fails to allege facts which meet the clear

26 and convincing standards of proof required for punitive relief.

27

28

6

## TWENTIETH AFFIRMATIVE DEFENSE

### (Product Misuse/Alteration)

22.     Plaintiff's damages may have been caused by the misuse and/or abuse of the prescription drug at issue.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Laches, Waiver, and Estoppel)

23.     Plaintiff's claims may be barred, in whole or in part, by the doctrines of laches, waiver, and/or estoppel.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Express or Implied Warranties)

24.     Defendants specifically deny that they made any express or implied warranties to Plaintiff.

## TWENTY-THREE AFFIRMATIVE DEFENSE

### (Lack of Privity)

25.     With respect to each and every purported warranty or breach of contract cause of action in Plaintiff's Complaint, Plaintiff's claims are barred by lack of privity with Defendants.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (No Misrepresentation)

26.     Defendants deny any misrepresentation on their part, and/or reliance by Plaintiff and detrimental to Plaintiff allegedly resulting therefrom.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Idiosyncratic Reaction)

27.     With respect to each and every cause of action, Plaintiff is not entitled to recover for an idiosyncratic reaction.

7

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

28.     Plaintiff's causes of action are barred because they did not suffer losses as a result of Defendants' alleged conduct and does not have any right, standing, or competency to maintain claims for relief.

## TWENTY-SEVETH AFFIRMATIVE DEFENSE

### (Good Faith and Reasonable Care)

29.     Defendants exercised good faith and reasonable care as to the matters alleged in the first amended complaint and had no knowledge of any wrongdoing toward the Plaintiff.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Reservation of Right to Assert Additional Defenses)

30.     Defendants have not knowingly or intentionally waived any applicable affirmative defenses and reserve the right to assert and rely on any other applicable defenses as may become available or apparent during discovery proceedings.  Defendants further reserve the right to delete affirmative defenses that it determines are no longer applicable, and to amend this Answer or these affirmative defenses accordingly.

WHEREFORE, Defendants pray that the Court determine and adjudge:

(a)     That the Complaint, and all claims alleged therein, be dismissed with prejudice;

(b)     That Defendants be awarded the costs, disbursements, and attorneys' fees incurred in this action; and

(c)     That Defendants be awarded such other and further relief as the Court may deem proper.

//

//

//

8

1

## JURY DEMAND

2     Defendants hereby demand a trial by jury on all issues so triable.

3

4   Dated:  March 12, 2013                    SHOOK, HARDY & BACON L.L.P.

5

6                                            By:_____
                                                  Darolyn Y. Hamada
7                                                  Lael A. Awong
                                             Attorneys for Defendants Hoffmann-La
8                                            Roche Inc. and Roche Laboratories  Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

1

**PROOF OF SERVICE**

2
3

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 5 Park Plaza, Suite 1600, Irvine, California 92614.

4
5

On March 12, 2013, I served on the interested parties in said action the within:

**ANSWER TO COMPLAINT**

6
7

by placing a true copy thereof in a sealed envelope(s) addressed as stated on the attached mailing list.

8
9
10
11

☒  (MAIL) I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

12
13
14

☐  (FAX) I caused such document(s) to be served via facsimile on the interested parties at their facsimile numbers listed above. The facsimile numbers used complied with California Rules of Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a report of the transmission, a copy of which is attached to the original of this declaration.

15
16

☐  (HAND DELIVERY) By placing a true and correct copy of the above document(s) in a sealed envelope addressed as indicated above and causing such envelope(s) to be delivered by hand to the addressee(s) designated.

17
18
19

☐  (BY FEDERAL EXPRESS, AN OVERNIGHT DELIVERY SERVICE) By placing a true and correct copy of the above document(s) in a sealed envelope addressed as indicated above and causing such envelope(s) to be delivered to the FEDERAL EXPRESS Service Center, on _____, to be delivered by their next business day delivery service on _____, to the addressee designated.

20
21

☐  (ELECTRONIC FILING) I provided the document(s) listed above electronically through the CM/ECF system pursuant to the instructions set forth in the Local Rules for the United States District Court for the Central District of California.

22
23

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

24

Executed on March 12, 2013, at Irvine, California.

25
26
27

_____          _____
     Rose Featherstone                              (Signature)
     (Type or print name)

28

-1-

*Woulard v. Hoffman*

Exhibit C
071

1

## <u>SERVICE LIST</u>

2

*(Archie Woulard v. Hoffman-La Roche Inc., et al.)*

3

4   Lowell W. Finson, Esq.
PHILLIPS LAW FIRM

5   2101 Rosecrans Ave., Ste. 3290
El Segundo, CA  3290

6

7   Tel: (877) 480-9142
Fax: (213) 330-0346

8   Email: lowell@justiceforyou.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

*Woulard v. Hoffman*

137022 v1

Exhibit C
072

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 5 Park Plaza, Suite 1600, Irvine, California 92614.

On March 12, 2013, I served on the interested parties in said action the within:

## NOTICE OF REMOVAL

by placing a true copy thereof in a sealed envelope(s) addressed as stated on the attached mailing list.

☒ (MAIL) I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐ (FAX) I caused such document(s) to be served via facsimile on the interested parties at their facsimile numbers listed above. The facsimile numbers used complied with California Rules of Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a report of the transmission, a copy of which is attached to the original of this declaration.

☐ (HAND DELIVERY) By placing a true and correct copy of the above document(s) in a sealed envelope addressed as indicated above and causing such envelope(s) to be delivered by hand to the addressee(s) designated.

☐ (BY FEDERAL EXPRESS, AN OVERNIGHT DELIVERY SERVICE) By placing a true and correct copy of the above document(s) in a sealed envelope addressed as indicated above and causing such envelope(s) to be delivered to the FEDERAL EXPRESS Service Center, on _____, to be delivered by their next business day delivery service on _____, to the addressee designated.

☐ (ELECTRONIC FILING) I provided the document(s) listed above electronically through the CM/ECF system pursuant to the instructions set forth in the Local Rules for the United States District Court for the Central District of California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 12, 2013, at Irvine, California.

_____          _____
Rose Featherstone                                              (Signature)
(Type or print name)

-1-

*Woulard v. Hoffman*

137022 v1

1

## **SERVICE LIST**

2

*(Archie Woulard v. Hoffman-La Roche Inc., et al.)*

3

Lowell W. Finson, Esq.

4

PHILLIPS LAW FIRM

5

2101 Rosecrans Ave., Ste. 3290
El Segundo, CA  3290

6

7

Tel: (877) 480-9142
Fax: (213) 330-0346

8

Email: lowell@justiceforyou.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Woulard v. Hoffman*

137022 v1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

### CV13- 1773 PA (JCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| Archie Woulard | Hoffmann-La Roche Inc and Roche Laboratories Inc. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) |
|---|---|
| Lowell W. Finson, Esq. <br> Phillips Law Firm <br> 2101 Rosecrans Ave., Ste. 3290 <br> El Segundo, CA  90245 <br> (877) 480-9142 | Darolyn Y. Hamada, Esq. <br> Lael A. Awong, Esq. <br> Jamboree Center <br> Shook, Hardy & Bacon L.L.P. <br> 5 Park Plaza, Ste. 1600 <br> Irvine, CA  92614 <br> (949) 475-1500 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding

☒ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi- District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes  ☐ No  (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes  ☐ No    ☒ MONEY DEMANDED IN COMPLAINT: $ Amount in cont > $75k

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Strict Liability, Negligence and Breach of Express and Implied Warranty, Fraud and Fraudulent Concealment

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influ- enced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Com- modities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☒ 365 Personal Injury- Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities- Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY:  Case Number: **CV13-1773 PA(JCx)**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES**: Have any cases been previously filed in this court that are related to the present case?  ☐ NO   ☒ YES

If yes, list case number(s):   Case No. CV11-4769, MDL 1626 pending in US District Court, Middle Dist. Florida

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Archie Woulard - Arizona |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Hoffmann- La Roche Inc. – Delaware and New Jersey<br>Roche Laboratories Inc. – Delaware and New Jersey |

(c) List the County in this District; California County outside of this District; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
**Note:** In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____   DATE:  March 12, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

American LegalNet, Inc.
www.FormsWorkFlow.com

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 5 Park Plaza, Suite 1600, Irvine, California 92614.

On March 12, 2013, I served on the interested parties in said action the within:

## CIVIL CASE COVER SHEET

by placing a true copy thereof in a sealed envelope(s) addressed as stated on the attached mailing list.

☒ (MAIL) I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐ (FAX) I caused such document(s) to be served via facsimile on the interested parties at their facsimile numbers listed above. The facsimile numbers used complied with California Rules of Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a report of the transmission, a copy of which is attached to the original of this declaration.

☐ (HAND DELIVERY) By placing a true and correct copy of the above document(s) in a sealed envelope addressed as indicated above and causing such envelope(s) to be delivered by hand to the addressee(s) designated.

☐ (BY FEDERAL EXPRESS, AN OVERNIGHT DELIVERY SERVICE) By placing a true and correct copy of the above document(s) in a sealed envelope addressed as indicated above and causing such envelope(s) to be delivered to the FEDERAL EXPRESS Service Center, on _____, to be delivered by their next business day delivery service on _____, to the addressee designated.

☐ (ELECTRONIC FILING) I provided the document(s) listed above electronically through the CM/ECF system pursuant to the instructions set forth in the Local Rules for the United States District Court for the Central District of California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 12, 2013, at Irvine, California.

| | |
|---|---|
| Rose Featherstone | _(signature)_ |
| (Type or print name) | (Signature) |

-1-

_Woulard v. Hoffman_

137022 v1

1

## SERVICE LIST

2

*(Archie Woulard v. Hoffman-La Roche Inc., et al.)*

3

Lowell W. Finson, Esq.

4  PHILLIPS LAW FIRM

5  2101 Rosecrans Ave., Ste. 3290
El Segundo, CA  3290

6

7  Tel: (877) 480-9142
Fax: (213) 330-0346

8  Email: lowell@justiceforyou.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

*Woulard v. Hoffman*

137022 v1